(82 South. 371)

No. 23478.

STATE ex rel. GARLAND, Dist Atty., et al. v. SINGLETON.

(June 2, 1919.)

*(Syllabus by Editorial Staff.)*

COURTS ☞224(6)—JURISDICTION OF LOUISIANA SUPREME COURT—CONSTITUTIONAL PROVISIONS.

Const. art. 222, providing that in suits thereunder to remove a member of a police jury the defendant, the state, and taxpayers, etc., on whose information and request suit is brought, or any of them, may appeal from judgment, prevails over article 85, extending jurisdiction of Supreme Court to all cases in which a law has been declared unconstitutional, so that, where Act No. 22 of 1898, prescribing grounds for removal of member of police jury, was declared unconstitutional, relator's appeal will be transferred to Court of Appeal, First Circuit.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Suit by the State, on the relation of R. Lee Garland, District Attorney, against Henry P. Singleton. Judgment for defendant dismissing the suit, and relator, the district attorney, and taxpayers appeal. Appeal transferred to Court of Appeal, First Circuit.

R. Lee Garland, Dist. Atty., of Opelousas (S. W. Gardiner, of Ville Platte, of counsel), for appellants.

E. B. Dubuisson, Leon S. Haas, John W. Lewis, Gilbert L. Dupre, Morton H. Thompson, P. R. Sandoz, E. T. Lewis, Dudley L. Guilbeau, W. J. Sandoz, Robert Harry, and J. R. Pavy, all of Opelousas, and E. A. Edwards, of Ville Platte, for appellee.

On Motion to Dismiss Appeal.

O'NIELL, J. This suit was brought on the request of 25 taxpayers, under the provisions of article 222 of the Constitution, to remove from office a member of the police jury. One of the causes assigned for demanding the removal of the officer was that he had violated Act No. 22 of 1898 (page 24), prohibiting police jurors from being interested in any contract with the parish. The defendant pleaded, by way of exception of no cause of action, that Act No. 22 of 1898 was unconstitutional. Judgment was rendered accordingly, declaring the statute unconstitutional and dismissing the suit. The relator, district attorney, and the taxpayers upon whose request the suit was brought prosecute this appeal. Defendant has moved to have the appeal dismissed for want of jurisdiction.

Article 85 of the Constitution declares that the jurisdiction of this court shall extend to all cases where a law of the state has been declared unconstitutional. But article 222 of the Constitution provides:

"In all suits instituted under this article the defendant, the state, and the citizens and taxpayers on whose information and at whose request such suit may have been brought, or any one of them, shall have the right to appeal,

both on the law and the facts, from the judgment of the court. * * *

"In cases against members of the state board of appraisers, Railroad Commissioners, district attorneys, clerks and sheriffs, the appeal shall be to the Supreme Court, and in cases against all other officers the appeal shall be to the Court of Appeal of the proper circuit."

Our opinion is that the special provisions of article 222 must prevail over the general provisions of article 85 in a case brought under authority of article 222 of the Constitution.

It is ordered that this appeal be transferred to the Court of Appeal, First Circuit. Appellants are to pay the costs of this appeal to the Supreme Court. All other costs are to depend upon the final judgment.